### J. ALLEN SMITH & CO., Inc., v. UNITED STATES.

#### No. 45884.

Court of Claims.
March 5, 1945.

Scott P. Crampton, of Washington, D. C., (Geo. E. H. Goodner, of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

The plaintiff sues to recover a dividends tax and accompanying interest and penalties paid by it. It makes two principal contentions in support of its suit. It claims that it did not owe the tax because, it contends, the dividends taxed were not declared until after December 31, 1933, at which time the tax in question ceased to operate except with respect to dividends declared before that date. It also contends that, even if the tax had been properly owing, it was assessed and collected after its collection was barred by the statute of limitations.

The dividends taxes here in question were imposed under Section 213 of the National Industrial Recovery Act, 48 Stat. 195, 209. Section 217(c) provided:

"The tax on dividends imposed by section 213 shall not apply to any dividends declared on or after the 1st day of the calendar year following the date so proclaimed."

The reference to the "date so proclaimed", as here applicable, was to Section 217(a) (2) of the act, which made it the duty of the President to proclaim the date of the repeal of the Eighteenth Amendment to the Constitution. The President proclaimed December 5, 1933, as the date of repeal, so that if the dividends here in question were declared on or after January 1, 1934, they were not taxable.

The facts as to the declaration of the dividends appear in findings 2 and 3. Our question is whether the dividends were "declared" on July 17, 1933, when the directors adopted the quoted resolution, or on the two occasions shortly before March 31 and June 30, 1934, when the officers of the corporation met informally and decided on the amounts of the dividends to be paid. We think the dividends were not declared,

within the meaning of Section 217(c) until the officers' decisions were made in 1934.

The Bureau of Internal Revenue in its regulation interpreting the dividends tax statute, I.T. 2744, XII–2 Cumulative Bulletin 402, said:

"In order for a dividend to be fully 'declared' within the meaning of the statute the action taken by the board of directors must be such as to create the relationship of debtor and creditor between the corporation and the stockholder, and the debt so created must be a legal and enforceable debt which is definite, final, and irrevocable. A dividend so declared of course effects an appropriation of surplus to the payment of the debt thereby created."

This is the conventional test for determining when a dividend has been declared, 11 Fletcher, Cyclopedia of Corporations, § 5322, and the test which, we suppose, Congress had in mind. The Resolution of the Board of Directors did not satisfy that test. It created no debt to the stockholders. It was no more than a delegation of authority to the officers to exercise, within specified limits, the discretion normally exercised by the Directors. The dividends were not, therefore, declared before January 1, 1934, and were not taxable under the National Industrial Recovery Act.

The Government urges that the facts embodied in our finding 11 and in the transcript of our former case, J. Allen Smith & Co. v. United States, 36 F.Supp. 1016, 93 Ct.Cl. 227, should prevent the plaintiff from recovering in this case. In that case this same plaintiff sued to recover the dividends tax collected from it for dividends paid in 1933, pursuant to a resolution of its Board of Directors in 1932 identical with the 1933 resolution involved in this case, and action of its officers in 1933 similar to their action, in 1934, involved in this case. If the dividends paid in the first half of 1933 had been declared in 1932, when the Directors adopted their resolution, then the dividends tax did not apply to them, since by the express language of Section 213(a) it did not apply to dividends declared before the date of the enactment of the Act, which date was June 16, 1933. After a short hearing before one of the judges of this court, sitting as a commissioner, the parties filed a stipulation of the facts, in which it was stated that the dividends taxed in that case were declared in 1932. The court, having no other facts before it, held that the dividends were not taxable, as, under the stipulated facts, and the applicable statute, they were not.

The Government now contends that, as a result of the colloquy between counsel which took place at the hearing in the other case, Government counsel, when they entered into the stipulation in that case, supposed that the plaintiff would take the position that the dividends which were paid in 1934, after the identical resolution of the Board of Directors in 1933, were declared in 1933. The question concerning the 1934 dividends, involved in the instant case, was then in controversy, and the parties, when they stipulated the facts of the earlier case, were aware of those of this case. The colloquy between counsel did not express or imply an agreement that the plaintiff would take the position that the dividends now in question were declared in 1933. The plaintiff, in the earlier case, asserted several grounds for refund of the tax there in question, and the stipulation as to when the dividends were declared related to only one, though the most important one, of those grounds.

The Government concedes that the facts recited above do not give rise to an estoppel, in the ordinary sense of that expression. We think that our impression that the Government would have won the other case, if it had not made an improvident and erroneous stipulation, does not warrant us in denying the plaintiff a judgment here, to which it seems entitled on the facts of this case standing alone, because the plaintiff's position here is not consistent with the position which it took as to one of several asserted grounds for recovery in the other case.

In view of what we have said, it is not necessary to decide whether, as the plaintiff contends, the assessment and collection of the tax were barred by the statute of limitations.

The plaintiff is entitled to recover $4,049.84 with interest as provided by law. It is so ordered.

WHALEY, Chief Justice, and WHITAKER and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.